IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAUL V. H., | ) |
| | ) No. 19 C 1271 |
| Plaintiff, | ) |
| | ) Magistrate Judge M. David Weisman |
| v. | ) |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Raul V. H. the Acting Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court affirms the Acting Commissioner's decision.

### Background

On March 7, 2016, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 21-31, 38-63, 74, 87.) The Appeals Council declined review (R. 7-9), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous,

it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Acting Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of November 30, 2014. (R. 24.) At step two, the ALJ determined that plaintiff has the severe impairments of degenerative disc disease of the lumbar spine. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 25.) At step four,

the ALJ found that plaintiff has the RFC to perform his past relevant work as a cashier checker, and thus he is not disabled. (R. 26-31.)

Though it is not entirely clear,[1] plaintiff seems to argue that the ALJ improperly credited the opinion of agency reviewer, Dr. Bitzer, over that of agency consultant, Dr. Lumicao.[2] First, it is not clear that the ALJ did so, as he gave both opinions "some weight." (R. 28.) Moreover, to the extent he did, there was no error. The ALJ weighed the doctors' opinions in accordance with the governing regulation, *see* 20 C.F.R. § 404.1527(c) (listing the factors to be considered), and gave a detailed explanation of his reasoning. (*See* R. 28 (stating that Dr. Bitzer "is a medical specialist, he thoroughly reviewed the available medical evidence . . . , ha[s] an understanding of social security disability programs and evidentiary requirements[,] . . . . [and] provided opinions that are generally consistent with the medical evidence of record"); R. 28-29 (stating that Dr. Lumicao had only examined plaintiff once, and though his opinions were "generally consistent" with the record as a whole, they were "vague" and gave "minimal insight into [plaintiff's] specific limitations in performing fulltime work activities"); *see also* R. 396 (Dr. Lumicao stating that plaintiff "can sit, speak and hear without difficulty . . . . [but] has some difficulty in prolonged standing, walking, lifting and carrying due to chronic lower back pain").) In short, the ALJ's assessment of the medical opinion evidence is not a basis for reversing his decision.

Plaintiff also appears to contest the ALJ's symptom evaluation. (ECF 6 at 4.) The ALJ said plaintiff's symptom allegations were not entirely consistent with the medical evidence, which showed that: (1) plaintiff's doctor recommended and/or provided only over-the-counter and

---

[1] Plaintiff's brief is short, insubstantial, and does not clearly identify the ALJ's purported errors.
[2] Dr. Lumicao examined plaintiff, but he is not, as plaintiff asserts, a treating physician. (*See* ECF 6 at 5); 20 C.F.R. § 404.1527(a)(2) (defining a treating medical source as one who, among other things, has or had an ongoing treatment relationship with the claimant). Plaintiff's treating physician, Dr. Shulka, did not offer an opinion on plaintiff's condition.

3

prescription pain medication for his back pain; (2) plaintiff described his back pain as mild and said it did not radiate or limit his activities; (3) plaintiff had normal strength, reflexes, coordination, and gait and only a slightly reduced range of motion; and (4) plaintiff did not use an assistive device. (R. 26-28 (citing R. 268-89, 300-02, 309, 315-16, 322-23, 328-29, 339, 342-43, 347, 350-52, 356, 359, 367, 369, 379, 392-400, 402, 404-05, 413, 416, 420)().) In short, the ALJ's symptom evaluation is supported by substantial evidence. Thus, it is not a basis for reversing the decision.

## Conclusion

For the reasons set forth above, the Court affirms the acting Commissioner's decision, grants the Acting Commissioner's motion for summary judgment [8], denies plaintiff's motion for summary judgment [6], and terminates this case.

**SO ORDERED.**   **ENTERED:  July 22, 2021**

*M. David Weisman*

**M. David Weisman**
**United States Magistrate Judge**